IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DR. MEAGAN BOWER,**            Case No. 3:18 CV 2502

    Plaintiff,

    v.            Magistrate Judge James R. Knepp, II

**VILLAGE OF MARBLEHEAD,
OHIO, et. al.,**

    Defendants.            MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Dr. Meagan Bower ("Plaintiff") brought this action, alleging constitutional claims under 42 U.S.C. § 1983, and tort claims under Ohio law, against the Village of Marblehead, Ohio, the Village of Marblehead Police Department, Officer Christopher Suppelsa (individually and in his official capacity), Officer Loren Welch (individually and in his official capacity), Chief Casey Joy (individually and in his official capacity), Bridget Sowers, Paul Sowers, and Rhonda Sowers. (Doc. 1). Currently pending before the Court is Defendants Bridget Sowers, Paul Sowers, and Rhonda Sowers (hereafter "Sowers Defendants") joint Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction. (Doc. 27). Plaintiff responded in opposition (Doc. 35), and the Sowers Defendants replied (Doc. 37). For the reasons stated below, the Court GRANTS the Motion to Dismiss (Doc. 27), dismisses the Section 1983 claim against the Sowers Defendants with prejudice, and declines to exercise supplemental jurisdiction over the remaining state law claims.

**BACKGROUND**

Accepting the facts within the Complaint (Doc. 1) as true, and viewing the facts in the light most favorable to Plaintiff, the background of this case is as follows:

On November 2, 2017, Plaintiff called the Marblehead, Ohio Police Department ("MPD") to report that her child – Defendant Bridget Sowers – was being unruly and physically assaulted her in their home. (Doc. 1, at ¶ 3). Plaintiff's ex-husband – Defendant Paul Sowers – also contacted MPD to report the incident. *Id*. Plaintiff was arrested on scene by Defendant Officers Loren Welch and Christopher Suppelsa after Bridget and Paul Sowers gave statements which Plaintiff alleges were false. *Id*. at ¶ 3, 6. She spent the night in a local jail and was arraigned the next day. *Id*. at ¶ 5. Officer Suppelsa spoke at the arraignment and detailed the circumstances surrounding the arrest. *Id*.

Plaintiff further alleges the Sowers Defendants acted "in concert or or conspiracy with *all Defendants*" to slander and falsely arrest her. *Id*. at ¶ 6 (emphasis added). She alleges the Sowers Defendants made false statements to the police at the time of the arrest, and continued to slander her following the incident. *Id*. at ¶ 27-29. Plaintiff alleges the slanderous activity of the Sowers Defendants continues to this day. *Id*. at ¶ 83, 115, 147.

**DISCUSSION**

In her Complaint (Doc. 1), Plaintiff brings several causes of action against multiple defendants. First, under Subpart V, Plaintiff asserts a 42 U.S.C. § 1983 (hereafter "Section 1983") action as to Defendant Officers Welch and Suppelsa alleging, *inter alia*, excessive force and false arrest. *Id*. at 8. In Subpart VI, Plaintiff asserts a Section 1983 action against Defendant Chief Joy and the MPD alleging deliberate indifference and a lack of training and supervision, *id*. at 10; and, in a separate action also labeled Subpart VI, she asserts the same against the Village of Marblehead, *Id*. at 12.

Subpart VII asserts a Section 1983 action against *all defendants* for malicious prosecution. *Id*. at 14. As to the Sowers Defendants, Subpart VIII alleges Ohio law tort claims of assault, libel, and slander against Bridget Sowers. *Id*. at 16. Subparts IX and X allege Ohio tort claims of libel and slander against Paul and Rhonda Sowers. *Id*. at 19-23. The Sowers Defendants move the Court to dismiss the Section 1983 claim against them under Rule 12(b)(6) and decline to exercise supplemental jurisdiction over the remaining state law claims.

Section 1983 Claim

 *Federal Civil Rule 12(b)(6) Standard of Review*

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

 *Section 1983 Generally*

Under Section 1983, "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured". 42 U.S.C. § 1983. To prevail on a Section 1983 claim, a plaintiff must prove that conduct by a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or other federal law. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). Acting "under color of state law"

means that the defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed by the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Private citizens are generally immune from such claims. *Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). In limited circumstances, a private person may be considered a state actor under Section 1983; this occurs when: (1) the deprivation complained of was "caused by the exercise of some right or privilege created by the State" and (2) the offending party "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Tahfs*, 316 F.3d at 590 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

*Discussion*

A heightened pleading standard is generally not required in Section 1983 actions. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163-65 (1993); *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). However, as the Sixth Circuit has repeatedly held, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

Here, Plaintiff seemingly asserts one cause of action under Section 1983 against the Sowers Defendants. *See* Doc. 1, at 14 (Subpart VII). She alleges all defendants "conspired and/or acted in concert to institute, procure and continue criminal proceedings against the Plaintiff" which "result[ed] in this unlawful confinement and prosecution." (Doc. 1, at ¶ 68-69). Indeed, a

4

conspiracy claim may be actionable under Section 1983 where there is "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Am. Postal Workers Union*, 361 F.3d at 905 (citing *Hooks v Hooks*, 771 F.2d 935, 943 (6th Cir. 1985)).

However, even examining the pleaded facts against the elements of a civil conspiracy within Section 1983 under the most generous light, as this Court must in evaluating a motion to dismiss, Plaintiff misses the mark. She appears to concede as much in her Opposition, where she repeatedly refers to the Sowers Defendants as "non-state actors" and confusingly asserts that "[s]imply pointing out some false sense of conspiracy between all parties in a 1983 action does not qualify the non-State actors as actual state actors in the Complaint as Defendant's Motion attempts." (Doc. 35, at 5). By this statement – and the fact that Plaintiff did not address the Sowers Defendants' Section 1983 dismissal arguments – Plaintiff fails to acknowledge that she included the Sowers Defendants in her Section 1983 action in the first place. *See* Doc. 35. Further, Plaintiff has pleaded no specific facts to support a finding that the Sowers Defendants shared an objective or conspired with MPD, to cause Plaintiff to be falsely arrested or prosecuted. *See* Doc. 1, at ¶ 65-76. Plaintiff's failure to plead any kind of plan or agreement between the Sowers Defendants and MPD to violate her constitutional rights is fatal to her Section 1983 conspiracy claim. *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011). Without facts to support such a plan, Plaintiff fails "to nudge [her] conspiracy theory beyond the speculative." *Harcz v. Boucher*, -- F. App'x --, 2019 WL 952337, at *3 (6th Cir.).

Therefore, the Court dismisses the 42 U.S.C. § 1983 claim (Doc. 1, Subpart VII), against the Sowers Defendants for failure to state a claim under Federal Civil Rule 12(b)(6).

State Law Claims

What remains against the Sowers Defendants after dismissal of the Section 1983 claim, are three state law tort actions: Subpart VIII – assault, libel, and slander against Bridget Sowers; Subpart IX – libel and slander against Paul Sowers; and Subpart X – libel and slander against Rhonda Sowers. (Doc. 1, at 16-25). The Sowers Defendants argue the Court should not exercise supplemental jurisdiction over their remaining state law claims. For the reasons discussed below, the Court agrees, and declines to exercise supplemental jurisdiction over these claims.

A district court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction over a claim under subsection Section 1367(a) if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (c)(1)-(4). Where, a district court dismisses all claims over which it had original jurisdiction (or here, against a particular set of defendants), the Court may decline to exercise supplemental jurisdiction over the remaining state-law claims. *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002); *see also* 28 U.S.C. § 1367(c). The Court enjoys broad discretion in deciding such matters. *Transcontinental Leasing, Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to

dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Plaintiff argues the Court should exercise supplemental jurisdiction over the state law claims against the Sowers Defendants primarily because these claims "arise from the same set of operative facts." (Doc. 35, at 1). Further, Plaintiff argues dismissal of the Sowers Defendants would place an undue burden on the remaining Defendants, leaving them "holding the bag" so to speak. *Id.* at 3. In weighing the Section 1367(c) factors, the Court disagrees and finds several compelling reasons to decline supplemental jurisdiction.

Foremost, allowing the state law claims to remain would complicate the trial, potentially confusing the jury. This is so, primarily because the remaining Section 1983 claims involve different defenses, damage calculations, and attorney fee issues from the state law claims. For example, the jury would need to separate those defendants who may be entitled to a qualified immunity defense under Section 1983, from the Sowers Defendants who are not. Further, the Complaint alleges the slanderous activities of the Sowers Defendants are still ongoing to the present date and thus travel well beyond the activities and "operative facts" surrounding Plaintiff's arrest and prosecution. (Doc. 1, at 16-25).

For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against the Sowers Defendants and dismisses them without prejudice[1].

## CONCLUSION

For the above-stated reasons, Plaintiff has failed to state a claim upon which relief can be granted against the Sowers Defendants in Subpart VII of her Complaint. Further, the Court

---

1. Because the Court declines to accept supplemental jurisdiction over the state law claims, it becomes unnecessary for the Court to address the arguments made by the Sowers Defendants regarding the sufficiency of these pleadings.

declines to exercise supplemental jurisdiction over the remaining state law claims against the Sowers Defendants. The undersigned therefore GRANTS the Sowers Defendants' Motion to Dismiss (Doc. 27), dismisses the Section 1983 claim against them with prejudice, and declines to exercise supplemental jurisdiction over the remaining state law claims against them.

    IT IS SO ORDERED.

                                                s/ James R. Knepp II
                                                United States Magistrate Judge